**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Jay M. Buck**
 Debtor(s)

Bankruptcy Case No.: 19–70188–JAD
Issued Per June 21, 2019 Proceeding
Chapter: 13
Docket No.: 28 – 21
Concil. Conf.: October 3, 2019 at 02:00 PM

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 30, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☒ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Oct. 3, 2019 at 02:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Lakeview Loan Servicing at Claim No. 9 .

- ☒ H. Additional Terms: The secured claim of Ally Bank at Claim No. 3 shall govern as to claim amount, to be paid at the modified plan interest in a monthly amount to be determined by Trustee to pay in full.
  Only counsel for a Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the telephone call to the Chapter 13 Trustee's meeting room, by calling, 412–258–3557 at the time

designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a third−party conference call service if necessary. The call shall not be placed to the Trustee's meeting room until AFTER all parties have been connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

*(2.)* ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:***

**A.** **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.** **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.** **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.** **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.** **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*  **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 28, 2019

Jeffery A. Deller
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                           United States Bankruptcy Court
                           Western District of Pennsylvania

In re:                                                              Case No. 19-70188-JAD
Jay M. Buck                                                         Chapter 13
      Debtor                      CERTIFICATE OF NOTICE

District/off: 0315-7         User: jhel              Page 1 of 2           Date Rcvd: Jun 28, 2019
                             Form ID: 149            Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 30, 2019.
db            +Jay M. Buck,    124 Pine Street,    Nanty Glo, PA 15943-1509
15023897       Cambria Co Drs,    498 Manor Drive,    Ebensburg, PA 15931
15063446       Directv, LLC,    by American InfoSource as agent,    PO Box 5008,    Carol Stream, IL 60197-5008
15023902      +First Energy,    101 Crawford's Corner Road,    Building #1 Ste. 1-511,    Holmdel, NJ 07733-1976
15039516       Home Depot Credit Services,    P.O. Box 790340,    Louisville, KY 40290-1010
15023903      +KML Law Group, P.C.,    Suite 5000,    BNY Mellon Independence Center,    701 Market Street,
                Philadelphia, PA 19106-1541
15039517       Lamont, Hanley & Assoc., Inc.,    P.O. Box 179,    Manchester, NH 03105-0179
15039518      +Monarch Recovery Management, Inc.,    3260 Tillman Drive,    Suite 75,    Bensalem, PA 19020-2059
15039519      +Neugeberger & Swope, P.C.,    P.O. Box 270,    219 S. Center Street,    Ebensburg, PA 15931-1907
15063878      +Penelec,    C/O FirstEnergy/Penelec,    101 Crawford's Corner Rd.,    Bldg. #1, Ste. 1-511,
                Holmdel, NJ 07733-1976
15039521       Pressler and Pressler LP,    7 Entin Road,    Parsippany, NJ 07054-5020
15023906      +Randi J. Silverman, Esq.,    Silverman Tokarsky & Forman,    227 Franklin Street,    Suite 410,
                Johnstown, PA 15901-1916

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2019 03:07:29
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15048233       E-mail/Text: ally@ebn.phinsolutions.com Jun 29 2019 03:08:54      Ally Bank,    PO Box 130424,
                Roseville MN 55113-0004
15023896      +E-mail/Text: ally@ebn.phinsolutions.com Jun 29 2019 03:08:54      Ally Financial,
                Attn: Bankruptcy Dept,    P.O. Box 380901,    Bloomington, MN 55438-0901
15023898      +E-mail/Text: bankruptcy@credencerm.com Jun 29 2019 03:10:05      Credence Resource Management,
                17000 Dallas Parkway,    Suite 204,    Dallas, TX 75248-1940
15023899       E-mail/Text: mrdiscen@discover.com Jun 29 2019 03:08:55      Discover Financial,
                Attn: Bankruptcy Department,    P.O. Box 15316,    Wilmington, DE 19850
15028484       E-mail/Text: mrdiscen@discover.com Jun 29 2019 03:08:55      Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
15023900      +E-mail/Text: bankruptcynotices@dcicollect.com Jun 29 2019 03:10:00
                Diversified Consultants, Inc.,    Attn: Bankruptcy,    P.O. Box 551268,
                Jacksonville, FL 32255-1268
15023901       E-mail/Text: bankruptcynotice@fcbanking.com Jun 29 2019 03:08:59      First Commonwealth Bank,
                Attn: Bankruptcy,    P.O. Box 400,    Indiana, PA 15701
15065740       E-mail/Text: camanagement@mtb.com Jun 29 2019 03:09:08      Lakeview Loan Servicing LLC,
                c/o M&T Bank,    P.O. Box 840,    Buffalo, NY 14240-0840
15023904       E-mail/Text: camanagement@mtb.com Jun 29 2019 03:09:08      M & T Bank,    Attn: Bankruptcy,
                P.O. Box 844,    Buffalo, NY 14240
15065341       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2019 03:07:29
                Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
15027545       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 29 2019 03:09:26
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA 17128-0946
15023905      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 29 2019 03:06:16
                Portfolio Recovery,    P.O. Box 41021,    Norfolk, VA 23541-1021
15039522      +E-mail/PDF: clerical@simmassociates.com Jun 29 2019 03:07:25      SIMM Associates Inc.,
                800 Pencader Drive,    Newark, DE 19702-3354
15056401      +E-mail/Text: bncmail@w-legal.com Jun 29 2019 03:09:48      SYNCHRONY BANK,
                c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
15024645      +E-mail/PDF: gecsedi@recoverycorp.com Jun 29 2019 03:06:03      Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15058045       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 29 2019 03:21:46      Verizon,
                by American InfoSource as agent,    PO Box 4457,    Houston, TX 77210-4457
15023907      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 29 2019 03:08:49
                Verizon Wireless,    Attn: Verizon Wireless Bankruptcy Admini,    500 Technology Dr, Ste 550,
                Weldon Spring, MO 63304-2225
15039523       E-mail/Text: BKRMailOps@weltman.com Jun 29 2019 03:09:44      Weltman Weinberg & Reis,
                323 W. Lakeside Ave.,    Ste 200,    Cleveland, OH 44113-1009
                                                                                              TOTAL: 19

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Lakeview Loan Servicing LLC
15039520*      Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA 17128-0946
                                                                                   TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0315-7           User: jhel              Page 2 of 2            Date Rcvd: Jun 28, 2019
                               Form ID: 149            Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 28, 2019 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor   Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Richard G. Allen    on behalf of Debtor Jay M. Buck ecf@johnstownbankruptcy.com,
               mybestcaseecfmail@gmail.com;r44281@notify.bestcase.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 4
```